IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**WEST VIRGINIA-AMERICAN WATER COMPANY,**
a West Virginia corporation,

    Plaintiff,

v.                                  Civil Action No. 2:16-cv-11688

**STARR INDEMNITY AND LIABILITY COMPANY,**
a Texas corporation,

    Defendant.

**ANSWER OF STARR INDEMNITY AND LIABILITY COMPANY**

Comes now the Defendant, Starr Indemnity and Liability Company ["Starr"], by counsel, and responds to the allegations contained in the Complaint as follows:

1. Starr admits the allegations contained in Paragraph 1 of the Complaint to the extent it alleged that the action purports to be for breach of contract and declaratory judgment brought by West Virginia-American Water Company, Inc. ["WVAW"]. All remaining allegations contained in Paragraph 1, including any and all allegations that Starr breached its obligations under Policy No. SISIXNR01063214, issued to American Water Works Company, Inc., are denied.

2. Starr admits the allegations contained in Paragraph 2 of the Complaint.

3. Starr admits the allegations contained in Paragraph 3 of the Complaint.

4. In response to the allegations contained in Paragraph 4 of the Complaint, Starr states that said allegations constitute a legal conclusion to which a response is not required. To the extent a response is deemed necessary, Starr denies the allegations contained in Paragraph 4 of the Complaint.

5. Starr denies the allegations contained in Paragraph 5 of the Complaint.

6.      Starr admits the allegations contained in Paragraph 6 of the Complaint to the extent that Starr Policy No. SISIXNR01063214, issued to American Water Works Company, Inc., is a Following Form Excess Liability Policy and is one of several insurance policies which provided insurance at successive levels to American Water Works Company, Inc., and other entities qualifying as insureds under the policy. All remaining allegations contained in Paragraph 6 are denied.

7.      Starr admits the allegations contained in Paragraph 7 of the Complaint to the extent it is alleged that Starr Policy No. SISIXNR01063214 and XL Insurance Company Policy No. 1E00015322LI14A, share limits of Fifty Million Dollars ($50,000,000.00), in excess of an underlying Commercial Liability Umbrella policy issued by Axa Insurance Company, being Policy No. XS000900 (14), which has limits of liability of Twenty-five Million Dollars ($25,000,000.00).  Starr further admits that the Schedule of Underlying Insurance under the Axa policy lists a Commercial General Liability Policy issued by Travelers, being Policy No. TC2JGLSA260T3317, with limits of One Million Dollars ($1,000,000.00) each occurrence.  Starr further admits that Starr Policy No. SISIXNR01063214 is a Following Form Excess Liability Policy.  All remaining allegations contained in paragraph 7 are denied.

8.      Starr is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.      Starr admits the allegations contained in paragraph 9 of the Complaint.

10.     Starr admits the allegations contained in paragraph 10 of the Complaint to the extent it is alleged that civil actions were filed in state and federal courts in West Virginia against American Water Works Company, Inc., West Virginia-American Water, Inc., and American Water Works Service Company, Inc., and in which claims were asserted for damages caused by a chemical spill which occurred on January 9, 2014.  All remaining allegations contained in paragraph 10 are denied.

11.     Starr admits the allegations contained in paragraph 11 of the Complaint.

12. Starr admits the allegations contained in paragraph 12 of the Complaint.

13. Starr is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Starr admits the allegations contained in paragraph 14 of the Complaint.

15. Starr admits the allegations contained in paragraph 15 of the Complaint.

16. Starr admits the allegations contained in paragraph 16 of the Complaint to the extent it is alleged that WVAW provided certain information concerning the progress of the civil actions in federal and state court to Starr and, presumably, other insurance carriers. All remaining allegations contained in paragraph 16 are denied.

17. Starr denies the allegations contained in paragraph 17 of the Complaint as said allegations relate to Starr. Starr is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of the Plaintiff's Complaint as they relate to other insurers.

18. Starr admits the allegations contained in paragraph 18 of the Complaint to the extent it is alleged that over the course of the state and federal litigation, information was provided on the damages claimed by the state and federal plaintiffs. All remaining allegations contained in paragraph 18 are denied.

19. Starr admits the allegations contained in paragraph 19 of the Complaint to the extent it is alleged that various insurers of WVAW participated in mediations involving plaintiffs in both the federal and state actions, during which settlement negotiations occurred. Starr further admits that it was present during the mediations. Starr is without sufficient knowledge and information to form a belief as to whether all of the insurers of WVAW participated in mediations. All remaining allegations contained in paragraph 19 are denied.

20. Starr admits the allegations contained in paragraph 20 of the Complaint.

21. Starr admits the allegations contained in paragraph 21 of the Complaint.

22. Starr admits the allegations contained in paragraph 22 of the Complaint to the extent it is alleged that the plaintiffs in the federal and state actions issued demands seeking settlement. Starr further admits that during the settlement conference, plaintiffs in the federal and state actions made additional demands for settlement. Starr is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in paragraph 22.

23. Starr denies the allegations contained in paragraph 23 as said allegations relate to Starr. Starr is without sufficient and information to form a belief as to the truth of the allegations contained in paragraph 23 as the same relate to parties or insurers other than Starr.

24. Starr admits the allegations contained in paragraph 24 of the Complaint to the extent it is alleged that West Virginia-American Water Company, American Water Works Service Company, Inc. and American Water Works Company, Inc. reached a settlement with the plaintiffs in the federal and state court actions. All remaining allegations contained in paragraph 24 are denied.

25. Starr denies the allegations contained in paragraph 25 of the Complaint.

## COUNT I
**(Breach of Contract)**

26. Starr repeats and reasserts its responses to the allegations set forth in paragraphs 1 through 25 of the Complaint as if fully set forth herein verbatim.

27. Starr denies the allegations contained in paragraph 27 of the Complaint.

28. In response to the allegations contained in paragraph 28 of the Complaint, Starr states that said allegations constitute a legal conclusion to which a response is not required. To the extent a response is deemed necessary, Starr asserts that it has met all contractual, statutory, regulatory and common law obligations it has or may have to WVAW. All remaining allegations contained in Paragraph 28 are denied.

29. In response to the allegations contained in paragraph 29 of the Complaint, Starr states that said allegations constitute a legal conclusion to which a response is not required. To the extent a response is deemed necessary, Starr states that it has met all contractual, statutory, regulatory or common law duties it has or may have to WVAW. All remaining allegations contained in paragraph 29 are denied.

30. In response to the allegations contained in paragraph 30 of the Complaint, Starr states that said allegations constitute a legal conclusion to which a response is not required. To the extent a response is deemed necessary, Starr states that it has met all contractual, statutory, regulatory or common law duties it has or may have to WVAW. All remaining allegations contained in paragraph 30 are denied, including any allegation that West Virginia law applies to or imposes any duties upon Starr.

31. Starr denies the allegations contained in paragraph 31 of the Complaint.

## COUNT II
### (Declaratory Judgment)

32. Starr repeats and reasserts its responses to the allegations contained in paragraphs 1 through 31 of the Complaint as if fully set forth herein verbatim.

33. Starr denies the allegations contained in paragraph 33 of the Complaint.

34. Starr denies the allegations contained in paragraph 34 of the Complaint.

35. Starr denies the allegations contained in paragraph 35 of the Complaint.

36. Starr admits the allegations contained in paragraph 36 of the Complaint.

37. Starr admits the allegations contained in paragraph 37 of the Complaint.

38. In response to the allegations contained in paragraph 38 of the Complaint, Starr states that said allegations constitute a legal conclusion to which a response is not required.

39. Starr denies that WVAW is entitled to any of the relief requested in the Complaint.

40. Any allegations not specifically admitted are denied.

**FIRST DEFENSE**

Plaintiff's Complaint may fail to state a cause of action upon which relief may be granted.

**SECOND DEFENSE**

Plaintiff has failed to join necessary parties required by Rule 19 of the Federal Rules of Civil Procedure, thereby warranting dismissal pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure.

**THIRD DEFENSE**

Starr specifically asserts that it has met all contractual, statutory, regulatory or common law duties it has or may have to WVAW.

**FOURTH DEFENSE**

Starr specifically asserts that the rights and obligations of the parties under Starr Policy No. SISIXNR01063214 are governed or controlled by the laws of the State of New Jersey.

**FIFTH DEFENSE**

Starr specifically asserts that proper jurisdiction and venue for a determination of the rights and obligations of the parties under Starr Policy No. SISIXNR01063214 is in the State of New Jersey given that the subject policy of insurance was issued to the Named Insured, American Water Works Company, Inc., in that jurisdiction.

**SIXTH DEFENSE**

Starr specifically asserts that WVAW has breached one or more terms, conditions, exclusions, endorsements or other provisions of Starr Policy No. SISIXNR01063214 and/or Lead Underlying Policy No. XS00900(14), thereby relieving Starr of any obligation to provide indemnification to WVAW with respect to the settlement reflected in the Settlement Term Sheet filed in the United States District Court for the Southern District of West Virginia in Case No. 2:14-cv-01374.

**SEVENTH DEFENSE**

Starr specifically asserts that any obligation to provide indemnification to WVAW under Starr Policy No. SISIXNR01063214 has not and cannot be triggered unless and until the settlement reflected in the Settlement Term Sheet filed in Case No. 2:14-cv-01374 has been approved by the United States District Court for the Southern District of West Virginia. Consequently, WVAW's claims for breach of contract and/or declaratory judgment are premature and do not present a justiciable controversy.

## EIGHTH DEFENSE

WVAW's claims for breach of contract and declaratory judgment are barred by the following contractual provision:

> "No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent."

The settlement reflected in the Settlement Term Sheet filed in Case No. 2:14-cv-01374 was and is an obligation assumed by WVAW without the consent of Starr and, therefore, Starr is relieved of any obligation to provide indemnification with respect to the settlement.

## NINTH DEFENSE

WVAW's claim for breach of contract and declaratory judgment are barred by the failure of WVAW to comply with the following contractual term:

> "You and any other involved insured must . . .
>
> . . . (3) cooperate with us in the investigation or settlement of the claim or defense against the 'suit',"

The settlement reflected in the Settlement Term Sheet filed in Case No 2:14-cv-01374 was and is an obligation assumed by WVAW without the cooperation and consent of Starr and, therefore, Starr is relieved of any obligation to provide indemnification with respect to the settlement.

## TENTH DEFENSE

7

Starr specifically asserts that because the settlement reflected in the Settlement Term Sheet filed in Case No 2:14-cv-01374 was and is an obligation assumed by WVAW without the cooperation and consent of Starr, Starr would be prejudiced by any requirement that it provide indemnification with respect to the settlement.

**ELEVENTH DEFENSE**

By virtue of its failure to comply with one or more terms, conditions, exclusions, endorsements or other provisions of Starr Policy No. SISIXNR01063214 and/or Lead Underlying Policy No. XS00900(14), WVAW has waived its right to indemnification under Starr Policy No. SISIXNR01063214.

**TWELFTH DEFENSE**

Because it has failed to comply with one or more terms, conditions, exclusions, endorsements or other provisions of Starr Policy No. SISIXNR01063214 and/or Lead Underlying Policy No. XS00900(14), WVAW is estopped from seeking indemnification under Starr Policy No. SISIXNR01063214.

**THIRTEENTH DEFENSE**

Any obligations or damages allegedly incurred by WVAW were solely and proximately caused by WVAW's own voluntary, negligent or other wrongful conduct.

**FOURTEENTH DEFENSE**

The obligations and damages allegedly incurred by WVAW were solely and proximately caused by WVAW's own voluntary and knowing assumption of risk.

**FIFTEENTH DEFENSE**

Not being adequately advised as to all of the facts and circumstances surrounding the allegations contained in the Complaint, Starr hereby invokes and asserts all other defenses which may prove applicable including, but not limited to, those specifically set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE, the Defendant, Starr Indemnity and Liability Company, prays that it have judgment awarded in its favor together with such other and further relief as the Court believes proper.

**STARR INDEMNITY AND LIABILITY COMPANY,
By Counsel**

____/s/Jeffrey M. Wakefield_____
Jeffrey M. Wakefield (WV Bar #3894)
Flaherty Sensabaugh Bonasso PLLC
P. O. Box 3843
Charleston, WV  25338-3843
(304) 345-0200
JWakefield@flahertylegal.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**WEST VIRGINIA-AMERICAN WATER COMPANY,**
a West Virginia corporation,

      **Plaintiff,**

v.                                        Civil Action No. 2:16-cv-11688

**STARR INDEMNITY AND LIABILITY COMPANY,**
a Texas corporation,

      **Defendant.**

## CERTIFICATE OF SERVICE

      I, Jeffrey M. Wakefield, do hereby certify that on December 12, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Thomas J. Hurney, Jr., Esq.
Jonathan L. Anderson, Esq.
Jackson Kelly PLLC
500 Lee Street, East, Ste. 1600 (25301)
P. O. Box 553
Charleston, WV  25322

                                                          /s/Jeffrey M. Wakefield
                                                  Jeffrey M. Wakefield (WV Bar #3894)